UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SHAQUAN SETH,

          Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK POLICE
DEPT; JOHN DOES 1-5 OFFICERS
WORKING FOR NYPD,

          Defendants.

19-CV-1960 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

      Plaintiff, currently held in the George R. Vierno Center on Rikers Island, brings this *pro se* action asserting that the defendants violated his federal constitutional rights. He sues the City of New York, the New York City Police Department ("NYPD"), and five unidentified "John Doe" NYPD officers, and he seeks damages. By order dated April 5, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. For the reasons discussed below, the Court dismisses Plaintiff's claims against the NYPD. The Court directs service on the City of New York. The Court further directs the Corporation Counsel of the City of New York to assist Plaintiff in identifying the unidentified "John Doe" defendants.

---

[1] Plaintiff filed his complaint while held in the Eric M. Taylor Center, also on Rikers Island. Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when

the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates

dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally,

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

(internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A.    NYPD

The Court must dismiss Plaintiff's claims against the NYPD because an agency of the

City of New York, like the NYPD, is not an entity that can be sued. N.Y. City Charter ch. 17,

§ 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law

shall be brought in the name of the city of New York and not in that of any agency, except where

otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007);

*see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is

generally prohibited from suing a municipal agency."). Plaintiff's claims against this defendant

are also redundant of his claims against the City of New York, a named defendant. The Court

therefore dismisses Plaintiff's claims against the NYPD. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Service on the City of New York

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the City of New York. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on the City of New York.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C. Unidentified "John Doe" Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in learning the identity and service address of a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the full names and shield numbers of the unidentified "John Doe" Defendants, as well as the addresses where they may be served. The unidentified "John Doe" Defendants are up to five members of the NYPD who, on or about January 6, 2019, (1) arrested or assisted in the arrest of Plaintiff at a

location near the intersection of Park Avenue and East 180th Street in the Bronx, (2) transported

Plaintiff to an NYPD precinct, or (3) secured or assisted in securing Plaintiff in a holding cell in

the NYPD precinct. It is therefore ordered that the Corporation Counsel of the City of New

York, who is the attorney for and agent of the NYPD, shall ascertain the full name and shield

numbers of the unidentified "John Doe" Defendants and the addresses where they may be

served. The Corporation Counsel shall provide this information to Plaintiff and the Court within

sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint

naming these newly identified individuals as defendants. The amended complaint will replace,

not supplement, the original complaint. An Amended Civil Rights Complaint form that Plaintiff

should complete is attached to this order. Once Plaintiff has filed an amended complaint, the

Court will screen the amended complaint and, if necessary, will issue an order directing the Clerk

of Court to complete the USM-285 forms with the addresses for the newly identified defendants

and deliver all documents necessary to effect service on them to the U.S. Marshals Service.

### CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order **and the accompanying**

**referral form** to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the New York City Police Department.

The Court also directs the Clerk of Court to complete a USM-285 form with the address

for the City of New York and deliver all documents necessary to effect service on this defendant

to the U.S. Marshals Service.

The Court further directs the Clerk of Court to mail a copy of this order, the

accompanying referral form, and the complaint to the Corporation Counsel of the City of New

York at 100 Church Street, New York, New York 10007.

An Amended Civil Rights Complaint is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   April 8 , 2019
         New York, New York

_____
ALISON J. NATHAN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

City of New York
Law Department
100 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

_____ CV _____
(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

# II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City          State          Zip Code

# III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.  DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____